# FAY *v.* MACFARLAND.

---

STATUTES; EMINENT DOMAIN; MUNICIPAL CORPORATIONS.

1. Statutes authorizing the taking of private property for public use, such as statutes for the extension of public alleys, are to be strictly construed as against the government.

2. The commissioners of the District of Columbia are creatures of statute, and possess no implied powers.

3. Every requirement of a statute conferring jurisdiction upon a court to entertain a proceeding, providing a legal method of taking private property, must be complied with to the letter; and it must clearly appear, either by express admission of the parties, or by competent evidence, that all the jurisdictional requirements are present, before the court can lawfully proceed.

4. Where property owners, upon the filing of a petition by the District commissioners for the condemnation of their land for the opening and extension of a public alley, deny the allegations of the petition that the commissioners deemed that the public interests required the land for such purpose, and that the owners of more than one half of

the real estate in the block had petitioned for the extension of the al-
ley, such allegations must be proved by the petitioners before the
court has power to proceed.

No. 1859.    Submitted December 1, 1908.    Decided December 22, 1908.

HEARING on an appeal by the respondents from an order of
the Supreme Court of the District of Columbia, sitting as a
District Court, confirming an award of the jury in a condem-
nation proceeding.                                    *Reversed.*

The COURT in the opinion stated the facts as follows:    .

This is an appeal [by John C. Fay and Eva M. Fay] from
an order of the supreme court of the District of Columbia con-
firming the verdict of a jury summoned to assess damages and
benefits occasioned by the condemnation of land for an alley
in block 32, Columbia Heights, in the city of Washington.
On July 28, 1906, Henry B. F. Macfarland, Henry L. West,
and Jay J. Morrow, commissioners of the District of Columbia,
filed a petition in the supreme court for the purpose of acquiring
certain land described therein for the extension and continua-
tion of the alley in question.    The petition, among other things,
alleged that the commissioners deemed that the public interests
required the opening and extension ·of the alley, and that the
owners of more than one half of the real estate in said block
had petitioned for the extension of said alley.    Accordingly,
an order was made directing the marshal to summon a jury to
assess damages and benefits, and notice thereof was given to the
property owners, as required by law.    On April 15, 1907, before
the jury was sworn, the appellants filed a motion to quash the
proceedings, joining issue upon the jurisdictional allegations
of the petition.    The court overruled said motion, and proceeded
to select and qualify a jury.    On April 30, 1907, a hearing was
had in court before the jury, when evidence was adduced in
support of the allegations of the petition.    At the conclusion
of the hearing, appellants moved the court to withdraw the
proceedings from the consideration of the jury because of de-

fects apparent upon the face of the record. The court overruled the motion, and received the verdict of the jury. On June 19, 1907, the appellants filed objections and exceptions to the verdict of the jury, with a motion to vacate the verdict, based upon the following specific grounds:

"1. That the assessment of benefits against said lots in said verdict is excessive.

"2. That the awards of damages against said lots are inadequate.

"3. That the verdict of said jury is contrary to the evidence.

"4. That the verdict of said jury is against the weight of the evidence.

"5. Because, under the proceedings and proof in this cause, this court has no jurisdiction to enter its judgment confirming said verdict.

"6. Because the act of Congress under which these proceedings are had is unconstitutional in that it permits the jurors to assess in their verdict their own fees for services as jurors against the property alleged to be benefited or damaged.

"7. For other good and sufficient reasons to be hereinafter assigned."

On hearing, the objections and exceptions were overruled, and the verdict of-the jury was ratified and confirmed by the court. From this order the appellants have appealed to this court.

*Mr. John C. Fay,* one of the appellants, appeared in proper person, and with him was *Mr. Samuel A. Putnam.*

*Mr. Edward H. Thomas,* Corporation Counsel, and *Mr. Andrew B. Duvall,* Assistant, for the appellees.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

At the threshold of this inquiry, we are met with reversible error. The petition of the commissioners contains the following allegations:

"3. That your petitioners deem that the public interests re-

quire the extension of the aforesaid alley in block thirty-two (32), Columbia Heights, and that it is necessary to acquire the hereinafter described land by condemnation for the purpose of said extension.

"4. That the owners of more than one half of the real estate in said block have petitioned for the extension of the aforesaid alley."

In their motion to dismiss the proceedings, the appellants joined issue on the above allegations of the petition, as follows: "Your petitioners further allege that less than one half of the owners of the real estate in said block 32 have made petition to said commissioners for the opening or widening of said alley, or for the creation of a new alley from Fairmont street to connect with the same, and they deny that the public interests require such opening, widening, or straightening of the same. And your petitioners deny that said commissioners do deem that the public interests so require." The court committed error in overruling the motion, without taking evidence on the issues joined.

On hearing, the commissioners offered no evidence in support of the above allegations of the petition. On this point, the record discloses that "no evidence was introduced by the petitioners of the mode or manner in which they deemed the public interests required the extension of said alley, nor any record of any proceeding by them showing any action by the petitioners on the subject, other than the filing of the petition herein; and no original or copy of any petition by the owners of more than one half of the real estate in said block for the extension of said alley was produced or offered in evidence." This defect in the proceedings was called specially to the attention of the court by appellants in the objections filed before the decree of confirmation was entered.

These were. issues of fact that demanded affirmative proof in order to give the court jurisdiction to proceed with the condemnation. In the absence of any denial or objection, it is doubtful if the court, except upon a specific admission of the truth of the facts alleged by appellants, would have been jus-

tified in entering a final order of confirmation, without proof of the jurisdictional facts alleged in the petition. The declaration that the commissioners deemed it to the public interests that the alley in question should be opened, when denied or put in issue, must be supported by proof of official action to that effect. The mere signing of the petition does not purport such united consideration and conference together upon the subject as is necessary to authorize an official declaration that the public interests demand the taking of private property for public use. Statutes like the present, authorizing the taking of private property for public use, are to be strictly construed. The commissioners are creatures of statute. They possess no implied powers. Their authority to act must be gathered from the express terms of the law granting it. Hence, in any attempt to act under a statute granting authority, they must comply literally with its requirements. Neither has the court any implied jurisdiction in the premises. Every requirement of a statute conferring jurisdiction upon the court to entertain a proceeding, providing a legal method of taking private property, must be complied with to the letter. It must clearly appear, either by express admission of the parties, or by competent evidence, that all the jurisdictional requirements are present, before the court can lawfully proceed.

As to the second declaration of the petition, that more than one half of the property owners of the square through which it was proposed to extend the alley had signed a petition requesting such extension, it is clear that this allegation could be based only upon the actual possession of such petition by the commissioners. When the truth of the allegation of the existence of such a document was challenged by proper objection to the authority of the court to proceed under the statute, the court could not, in the absence of proof other than the allegation in the petition, assume that such an instrument had actually been filed by the property owners affected by these proceedings.

For the errors thus committed, the judgment will be reversed, with costs as to these appellants, and it is so ordered.

*Reversed.*